IN THE COURT OF CRIMINAL APPEALS

                                           OF
TEXAS

 

                                                                              

                                                               NO.
PD-0997-10



 

 

                                         MICHAEL RUNNINGWOLF, Appellant

 

                                                                             v.

 

                                                        THE
STATE OF TEXAS

 



                 ON APPELLANT=S PETITION FOR DISCRETIONARY REVIEW

                                   FROM THE SEVENTH COURT OF APPEALS

                                                             FLOYD COUNTY



 

Keller,
P.J., filed a dissenting opinion.

 








The offense
of simulating legal process proscribes the act of recklessly causing the
delivery of Aany document that simulates a summons, complaint,
judgment, or other court process.@[1]  In
conducting a sufficiency of the evidence analysis in this case, the court of
appeals did not apply any overarching standard of what constitutes simulating
legal process.[2]  Rather, the lower court simply catalogued a
number of similarities between the documents appellant produced and legitimate
court documents.[3]  

The Court
now adds to the list of factors, saying that an appellate court may consider Awhether a similarly situated reasonable person
receiving the document would believe it was legal process.@[4]  But the court of appeals did not consider how a reasonable
person would view the document, and it is not apparent to me that a reasonable
person would perceive this document as legal process.[5]  I would adopt the reasonable person construct
articulated by the Court and remand this cause to the court of appeals to
reconsider the sufficiency of the evidence under that standard.  Because the Court does not do so, I
respectfully dissent.

Filed: March 7, 2012

Publish











 
 
 
 
 




 

 











 
 
 
 
 














 
 
 
 
 














 
 
 
 
 














 
 
 
 
 














 
 
 
 
 














 
 
 
 
 














 
 
 
 
 














 
 
 
 
 














 
 
 
 
 




 

 











[1]  Tex. Penal Code ' 32.48.





[2]  See Runningwolf
v. State, 317 S.W.3d 829, 836-38 (Tex. App.BAmarillo 2010).





[3]  Id. 
The court of appeals explained that the document contained Aa wealth of declarations and maxims seemingly
designed to undermine the validity of the custody arrangement through state
courts and to persuade the named Defendants to recognize the supremacy of the
ecclesiastical court.@  Id. at 836.  Among other things, the court of appeals pointed out that the
document had a bold-faced heading with the name of the court, an official seal,
a pronouncement of authority, a list of persons named as Ademandants@ and
others named as defendants, a demand for compliance, a statement that a default
judgment had been granted, and eight counts against the defendants using such
terms as Acontempt@ and Aconspiracy.@  Id. 
As the Court=s opinion explains, the court of appeals developed Aa nonexhaustive list of
relevant factors to determine whether a document simulates legal process.@ Court=s op. at 9.  





[4]  Court=s
op. at 9.  Although the statutory language would seem broader
than such a reasonable person standard, this standard could function as a
legitimate narrowing construction needed to prevent the statute from being
unconstitutionally vague as applied to certain cases. See Long v.
State, 931 S.W.2d 285, 295 (Tex. Crim. App. 1996) (narrowing construction
can be used to avoid a constitutional violation).  





[5]  A copy of the document is
attached to this opinion.  The
Court says that appellant intended that the recipient submit to the authority
of the document.  But
in delivering this document, it appears that appellant intended to procure
submission to the authority God, not the Law.